UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

UNITED STATES OF AMERICA,

        v.

WILLIE J. WOFFORD,

        Defendant.

**DECISION AND ORDER**

6:19-CR-06061 EAW

───────────────────────────────

**I.  INTRODUCTION**

Pending before the Court are objections filed by defendant Willie J. Wofford ("Defendant") to a Report and Recommendation issued by United States Magistrate Judge Marian W. Payson.  (Dkt. 74 (Report and Recommendation); Dkt. 77 (Objections)). Familiarity with the Report and Recommendation is assumed for purposes of this Decision and Order.

The Court has conducted a thorough review of the Report and Recommendation, the parties' filings before this Court and Judge Payson, the transcripts from the evidentiary hearing conducted before Judge Payson, and the exhibits admitted during that hearing, including the body worn camera evidence.  In addition, it has considered the arguments advanced by counsel at the oral argument held before the undersigned on February 18, 2021.  After a *de novo* review of the issues for which objections were filed, and after a thorough consideration of all the issues raised in Defendant's suppression motion, the Court hereby accepts and adopts in its entirety the Report and Recommendation (Dkt. 74) and overrules Defendant's objections (Dkt. 77).  As a result, the Court rules as follows with

respect to Defendant's motion to suppress (Dkt. 37): (1) Defendant's motion to suppress tangible evidence seized from the two separate vehicle stops on February 20, 2018, and July 25, 2018, is denied; (2) Defendant's motion to suppress statements made on February 20, 2018, is granted to the extent of any statements made between 5:40 p.m. and 5:50 p.m., and any statements made after Defendant exited the vehicle, but it is otherwise denied; and (3) Defendant's motion to suppress statements made inside the vehicle on July 25, 2018, is denied, but any statements made after he exited the vehicle are suppressed.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Defendant is charged by way of an indictment returned on April 25, 2019, with three counts of possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D), one count of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Dkt. 26). This Court referred all pretrial matters in the case to Judge Payson pursuant to 28 U.S.C. § 636(b)(1)(A)-(B). (Dkt. 28).

Defendant filed a motion to suppress statements and tangible evidence on July 15, 2019. (Dkt. 37). The motion sought to suppress all evidence seized and any statements made by Defendant during two traffic stops where Defendant was driving a Chevrolet Traverse owned by his wife—the first occurring on February 20, 2018, and the second occurring on July 25, 2018. After conducting an evidentiary hearing, Judge Payson issued a Report and Recommendation on January 11, 2021, recommending that the undersigned grant in part and deny in part the motion to suppress statements and deny the motion to

suppress tangible evidence. (Dkt. 74). Specifically, Judge Payson recommended that the undersigned: (1) deny Defendant's motion to suppress evidence seized as a result of the February 20, 2018, traffic stop; (2) deny Defendant's motion to suppress evidence seized as a result of the July 25, 2018, traffic stop; (3) deny Defendant's motion to suppress statements made during the February 20, 2018, traffic stop prior to 5:40 p.m. and after 5:50 p.m. (but not any statements he made after exiting the vehicle) and grant the motion to suppress any statements he made between that time;[1] and (4) deny Defendant's motion to suppress statements he made while seated in his vehicle during the July 25, 2018, encounter but suppress any statements made after exiting the vehicle. (Dkt. 74).

Defendant objects to the Report and Recommendation to the extent it recommended denying the motions to suppress tangible evidence seized during the two traffic stops, and to the extent it recommended denying his motion to suppress all statements made during the February 20, 2018 traffic stop. (Dkt. 77). Defendant has not objected to the Report and Recommendation's adverse finding with respect to the statements made while seated in the vehicle on July 25, 2018. (*Id.* at 3). The government filed a memorandum in opposition to Defendant's objections on February 8, 2021. (Dkt. 80). Oral argument was held before the undersigned on February 18, 2021, at which time the Court reserved decision. (Dkt. 83).

---

[1] Judge Payson gave the government an opportunity to file supplemental papers identifying those statements made during the time period of 5:40 p.m. and 5:50 p.m. that it contended were not elicited in response to interrogation. (Dkt. 74 at 53). The government filed a letter indicating that it would not seek to introduce any of the statements made during this time period. (Dkt. 79).

### III. STANDARD AND ANALYSIS

A district court reviews any specific objections to a report and recommendation on a dispositive issue, such as a motion to suppress, under a *de novo* standard. Fed. R. Crim. P. 59(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). To trigger the *de novo* review standard, objections to a report and recommendation "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). The Court is not required to review *de novo* those portions of a report and recommendation to which objections were not filed. *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) ("We have adopted the rule that failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.").

#### A.   February 20, 2018 Traffic Stop

With respect to Judge Payson's recommendation concerning the motion to suppress tangible evidence seized from the February 20, 2018, traffic stop, Defendant argues (1) he did not commit a traffic infraction because the law did not require him to activate his turn signal more than 100 feet from a turn at a stop sign, contrary to Rochester Police Department ("RPD") Officer Sino Seng's mistaken belief otherwise, and even if it did, Officer Seng's testimony that he observed this traffic violation was not credible (Dkt. 77 at 9-12), and (2) the testimony of the various officers that there was an odor of marijuana

emanating from Defendant's vehicle so as to justify the search of the vehicle was not credible (*id*. at 13-18). Concerning Defendant's arguments about the legal basis for the stop, the Court agrees with Judge Payson's analysis of New York Vehicle and Traffic Law § 1163, and more specifically that "Section 1163(b) requires vehicles, such as the Traverse that Wofford was driving on February 20, 2018, to signal continuously during the 100 feet preceding a turn at an intersection marked by a stop sign." (Dkt. 74 at 31-33). Moreover, as noted by Judge Payson, even if Defendant's construction of § 1163 was correct, Officer Seng's belief that Defendant had committed a traffic infraction, although mistaken, would have been objectively reasonable under the circumstances. (Dkt. 74 at 34-35). Contrary to the argument asserted by Defendant in his objections (Dkt. 77 at 10), the sole case upon which he relies to support his interpretation of the relevant section of the Vehicle and Traffic Law was decided on August 2, 2018—after the traffic stop at issue in this case. *See People v. Brandt*, 60 Misc. 3d 956 (Poughkeepsie City Ct. 2018). As noted by Judge Payson, the Second Circuit observed in a subsequent case that "the question 'whether § 1163(b) or § 1163(d) applies to a car stopped at a stop sign is, at best, an open question in New York.'" (Dkt. 74 at 35 (quoting *United States v. Whitaker*, 827 F. App'x 39, 42 (2d Cir. 2020)).

As to Defendant's objection that Officer Seng's testimony about observing the traffic infraction was not credible, Judge Payson rejected this argument, finding that Officer Seng "credibly testified that he kept the vehicle in his view during [Defendant's] maneuver by using his side-view mirror," and that his testimony was corroborated by video footage. (Dkt. 74 at 33). Although this Court's review is *de novo*, it must give appropriate

deference to the credibility determinations made by Judge Payson who conducted the evidentiary hearing and observed the witness testimony firsthand. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980) (district court is not required to rehear witness testimony when accepting a magistrate judge's credibility findings); *Cullen v. United States*, 194 F.3d 401, 407 (2d Cir. 1999) (holding that "without an evidentiary hearing, the District Court could not reject the Magistrate Judge's proposed credibility finding"); *United States v. Lawson*, 961 F. Supp. 2d 496, 499 (W.D.N.Y. 2013) ("The Second Circuit has instructed that where a Magistrate Judge conducts an evidentiary hearing and makes credibility findings on disputed issues of fact, the district court will ordinarily accept those credibility findings."); *United States v. Preston*, 635 F. Supp. 2d 267, 269 (W.D.N.Y. 2009) ("The district court, however, may not reject the magistrate judge's credibility findings without conducting an evidentiary hearing at which the district court has the opportunity to observe and evaluate witness credibility in the first instance."). Here, the Court finds Judge Payson's credibility finding with respect to Officer Seng's observation of the traffic infraction fully supported by the record. Accordingly, the Court rejects Defendant's argument that the traffic stop was not lawful and adopts the Report and Recommendation's conclusion that "sufficient reasonable cause existed to justify the stop." (Dkt. 74 at 33).

Similarly, the Court rejects Defendant's challenge to the credibility of the officers' testimony that they smelled marijuana, thus justifying the search of the vehicle. As Judge Payson found, "five law enforcement officers present at the scene—Seng, Grillo, Cumberbatch, Muller, and Perrone—each testified that they smelled the odor of marijuana emanating from the Traverse" and their "testimony in this respect was unequivocal and is

not undermined by their inability to recall or distinguish whether the smell was of burnt or unburnt marijuana." (Dkt. 74 at 38). This finding is fully supported by the record, and therefore the undersigned adopts in its entirety Judge Payson's recommendation that the motion to suppress the tangible evidence seized on February 20, 2018, be denied.

With respect to Defendant's alleged statements made during that encounter, Judge Payson concluded that the encounter between Defendant and law enforcement began in a non-custodial manner on February 20, 2018. (Dkt. 74 at 50). However, she concluded that the encounter became custodial when RPD Investigator Muller arrived on the scene and informed Defendant he was being detained and was not free to leave. (*Id*. at 51). Judge Payson further concluded that many of the statements made by Investigator Muller during his approximate 10-minute encounter with Defendant may constitute interrogation or its functional equivalent, but once RPD Sergeant Joseph Perrone and Lieutenant Montinarelli arrived at the scene, Investigator Muller ceased his efforts to convince Defendant to exit the vehicle and the statements by Sergeant Perrone and Lieutenant Montinarelli did not constitute interrogation or its equivalent. (*Id*. at 52). Accordingly, Judge Payson directed the government to file a supplemental submission identifying the precise statements it sought to use during the encounter with Investigator Muller between approximately 5:40 p.m. and 5:50 p.m., so that a further determination could be made as to whether the statements were made in response to interrogation. (*Id*. at 53). Judge Payson recommended denying the motion to suppress any statements made prior to 5:40 p.m. and after 5:50 p.m. up until the point in time that Defendant exited the vehicle. Since the government agreed not to pursue the admission of any statements made between 5:40 p.m.

and 5:50 p.m. (Dkt. 79), the Report and Recommendation recommends that Defendant's motion to suppress be granted with respect to any statements elicited during that time period (Dkt. 74 at 53), and the Report and Recommendation further recommends that any statements made after Defendant exited the vehicle be suppressed (*id*. at 46 n.11 & 53). The undersigned has reviewed all of the relevant exhibits, including the evidence of the encounter as reflected on the body worn camera footage from the various officers, and agrees with Judge Payson's assessment and conclusions.

Defendant argues that once the encounter became custodial with Investigator Muller's arrival, it did not cease to be custodial once Investigator Muller ceased his interactions with Defendant. (Dkt. 77 at 19-20). This may be true, but Judge Payson recommended against suppression of the statements occurring after 5:50 p.m. (and before Defendant exited the Traverse) based on the lack of interrogation or its functional equivalent during that time period. (Dkt. 74 at 52 ("Although Perrone and Montinarelli both told Wofford that they smelled marijuana, they appear to have done so only in response to Wofford's demands to know the basis for the stop and their orders that he exit the vehicle. These statements, in my estimation, do not constitute interrogation or its equivalent." (citations omitted)). Defendant does not make any meaningful argument that the interactions occurring with Sergeant Perrone and Lieutenant Montinarelli constituted interrogation. (*See* Dkt. 77 at 20). The Court has reviewed the relevant body worn camera audio and video, including the portions depicting Defendant's interactions with Sergeant Perrone and Lieutenant Montinarelli, and it agrees with the Report and Recommendation's conclusion that based on the totality of the circumstances, the interactions with Defendant

after 5:50 p.m. but prior to his exiting of the vehicle did not constitute words or actions on the part of law enforcement that the police should know were reasonably likely to elicit an incriminating response from Defendant. *See United States v. Familetti*, 878 F.3d 53, 57 (2d Cir. 2017) ("An interrogation occurs when a suspect 'is subjected to either express questioning or its functional equivalent' and his statements are 'the product of words or actions on the part of the police' that 'were reasonably likely to elicit an incriminating response.'" (quoting *Rhode Island v. Innis*, 446 U.S. 291, 300-01 (1980))).

Accordingly, the Report and Recommendation is adopted in its entirety and Defendant's motion to suppress his statements made during the February 20, 2018, traffic stop is granted in part and denied in part.

B. <u>July 25, 2018 Traffic Stop</u>

Defendant objects to the Report and Recommendation's finding that the search warrant for the Traverse was supported by probable cause. Specifically, Defendant attacks the statements made in the search warrant application about "Kato," a drug detection dog, and the reliability of the July 25, 2018, canine search. (Dkt. 77 at 20-26). Judge Payson rejected Defendant's argument that the reference in the search warrant application to "never know[ing] Kato to falsely alert to the presence of narcotics," was materially misleading, and she concluded that while the statement about the past success of Kato was misleading, even if stricken from the application, "the remaining information in the application would have been sufficient to permit reliance on Kato's July 25, 2018 positive alert in determining that probable cause existed to search the Traverse." (Dkt. 74 at 41). Judge Payson also rejected Defendant's argument that "the manner in which the July 25

search was conducted rendered Kato's positive alert unreliable or that the inclusion of information about it in the application was improper." (*Id*. at 43).

After conducting a thorough *de novo* review of the record and the arguments of the parties, the Court agrees with Judge Payson that (1) probable cause existed in support of the issuance of the warrant notwithstanding the reference in the search warrant affidavit to Kato's past success and prior history of alerts (*id*. at 41-42), and (2) the record supports a finding that the July 25, 2018, positive alert by Kato was reliable (*id*. at 43-45). Accordingly, the Court overrules Defendant's objections and adopts the Report and Recommendation's recommendation to uphold the warrant authorizing the vehicle search on July 25, 2018.

## IV. CONCLUSION

For the foregoing reasons, and the reasons set forth in the Report and Recommendation, the Court adopts the Report and Recommendation (Dkt. 74) in its entirety and grants in part and denies in part Defendant's motion to suppress (Dkt. 37).

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: March 19, 2021
      Rochester, New York